IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eric Staley<br>　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　Movant<br>vs.<br>Eric Staley<br>　　　　Debtor<br>William C. Miller Esq.<br>　　　　Trustee | NO. 17-12762 amc<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is **$570.15**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 22, 2018 to March 22, 2018 at $495.00/month |
| Suspense Balance: | $419.85 |
| **Total Post-Petition Arrears** | **$570.15** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 22, 2018 and continuing through September 22, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$495.00** on the loan (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-second (22nd) day of each month, plus an installment payment of $95.03 from April 22, 2018 to August 22, 2018 and $95.00 for September 22, 2018 towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. Box 5855
Carol Stream, IL 60197-5855

c). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   March 30, 2018                By: /s/ Kevin G. McDonald, Esquire
                                      Kevin G. McDonald, Esquire

Date: _____                 /s/ Erik B. Jensen, Esquire
                                      Erik B. Jensen
                                      Attorney for Debtor

Date: 4-30-18                         JHCJC William C. Miller
                                      Chapter 13 Trustee         No objection

Approved by the Court this 31st day of May, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan