United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                      Case No. 17-12762-amc
Eric Staley                                                                 Chapter 13
      Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2          User: Jennifer           Page 1 of 1          Date Rcvd: May 31, 2018
                              Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 02, 2018.
db             +Eric Staley,    821 East Haines Street,    Philadelphia, PA 19138-1729

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

      ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2018                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 31, 2018 at the address(es) listed below:
     ERIK B. JENSEN    on behalf of Debtor Eric  Staley akeem@jensenbagnatolaw.com, gilberto@jensenbagnatolaw.com;mjmecf@gmail.com
     KEVIN G. MCDONALD    on behalf of Creditor   Toyota Motor Credit Corporation bkgroup@kmllawgroup.com
     KEVIN S. FRANKEL    on behalf of Creditor    JPMorgan Chase Bank, National Association pa-bk@logs.com
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
     WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                                        TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eric Staley<br>　　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>　vs.<br>Eric Staley<br>　　　　　Debtor<br>William C. Miller Esq.<br>　　　　　Trustee | NO. 17-12762 amc<br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the loan held by the Movant on the Debtor's vehicle is $570.15, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | February 22, 2018 to March 22, 2018 at $495.00/month |
| Suspense Balance: | $419.85 |
| **Total Post-Petition Arrears** | **$570.15** |

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on April 22, 2018 and continuing through September 22, 2018, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$495.00** on the loan (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-second (22nd) day of each month, plus an installment payment of $95.03 from April 22, 2018 to August 22, 2018 and $95.00 for September 22, 2018 towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. Box 5855
Carol Stream, IL 60197-5855

c). Maintenance of current monthly loan payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:    March 30, 2018                By: /s/ Kevin G. McDonald, Esquire
                                       Kevin G. McDonald, Esquire

Date:_____               /s/ Erik B. Jensen, Esquire
                                       Erik B. Jensen
                                       Attorney for Debtor

Date: 4-30-18                          JTACJC William-C. Miller      No objection
                                       Chapter 13 Trustee

Approved by the Court this 31st day of May, 2018. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan